1  Michael D. Rounds
   Nevada Bar No. 4734
2  WATSON ROUNDS
   5371 Kietzke Lane
3  Reno, NV 89511-2083
   Telephone: (775) 324-4100
4  Facsimile: (775) 333-8171
   E-Mail: mrounds@watsonrounds.com
5
6  *Additional attorneys listed in signature block*
7
   *Attorneys for Plaintiff*
8
9
10
11

J. Randall Jones (Nevada 1927)
Jennifer C. Dorsey (Nevada 6456)
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Pkwy, 17th Floor
Las Vegas, NV 89169
Telephone:  (702) 385-6000
Facsimile:  (702) 385-6001
E-Mail: r.jones@kemperjones.com
        j.dorsey@kemperjones.com

*Additional attorneys listed in signature block*

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

12  REMBRANDT GAMING TECHNOLOGIES,
    LP, a Virginia limited partnership,
13
14              Plaintiff,                        Case No.:  2:12-CV-00775-MMD-GWF
15         vs.
16  BOYD GAMING CORPORATION, a Nevada
    corporation; CAESARS ENTERTAINMENT
17  OPERATING COMPANY, INC., a Delaware
    corporation; MGM RESORTS
18  INTERNATIONAL OPERATIONS, INC., a
    Delaware corporation; WMS GAMING, INC.,
19  a Delaware corporation; and LV GAMING        **[STIPULATED] PROTECTIVE ORDER**
    VENTURES, LLC, a Nevada limited liability
20  company,
21              Defendants.
22  _____/
23
24         Pursuant  to  Federal  Rule  of  Civil  Procedure  26(c),  Plaintiff  Rembrandt  Gaming
25  Technologies, LP ("Rembrandt") and Defendants Boyd Gaming Corporation ("Boyd"), Caesars
26  Entertainment Operating Company, Inc. ("Caesars"), MGM Resorts International Operations, Inc.
27  ("MGM"), WMS Gaming Inc. ("WMS"), and LV Gaming Ventures, LLC ("LV Gaming")
28  (Collectively "The Parties") through their respective counsel, hereby stipulate and agree that

discovery in this Civil Action ("Action") may involve the disclosure of certain documents, things and information that constitute or contain trade secrets, financial records, or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which must be protected in order to preserve legitimate business interests. Accordingly, good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case. The Parties therefore further stipulate and agree, subject to the approval of the Court, that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Civil Action, or provided by or obtained from non-parties in this Action.

**SCOPE**

1.      This Stipulated Protective Order shall apply to all documents, electronically stored information, tangible thing, testimony or other discovery material in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, exhibits and all other discovery taken pursuant to the Federal Rules of Civil Procedure, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2.      As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who produces Discovery Material, and "Receiving Party" shall refer to any individual who properly receives or is shown Discovery Material.

**DESIGNATION**

3.      Any Producing Party may designate Discovery Material as "CONFIDENTIAL" in accordance with this Stipulated Protective Order if such party in good faith believes that such Discovery Material contains CONFIDENTIAL information as defined in Paragraph 4.  The burden of establishing that Discovery Material is CONFIDENTIAL as defined herein shall be on the Producing Party.  The designation of any Discovery Material as CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4.      As used herein, CONFIDENTIAL Discovery Material refers to information that a Producing Party claims to be proprietary business information or technical information relating to a trade secret or other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c).  Information to be treated under this Protective Order as CONFIDENTIAL shall include but not be limited to:

(a)      Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33 or 36, or in documents produced under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the Receiving Party, the responses or copies of documents are marked by the Producing Party with the following legends or their substantial equivalents:  "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO STIPULATED PROTECTIVE ORDER – *Rembrandt Gaming Technologies LP v. Boyd Gaming Corp., et al.*, Case No. 2:12-CV-0775 MMD-GWF."  Documents and/or information may be made available for inspection without designation and designated subsequently at the time of production.  If the document or information is produced or disclosed in computer storage media, such as discs or tapes, the Producing Party shall affix the appropriate legend to the cover or container of the storage media.

(b)      Information revealed by inspection of things and premises under Fed. R. Civ. P. 34, provided that, prior to and at any time up to fifteen (15) calendar days after the

inspection, the party permitting inspection summarizes in writing the CONFIDENTIAL Discovery Material that will be or that was disclosed by the inspection. To ensure that the Producing Party has the full fifteen (15) calendar days to make appropriate designations, all information gleaned from inspection of things and premises will be automatically treated as CONFIDENTIAL Discovery Material for fifteen (15) calendar days after the day of inspection. There shall be no waiver of confidentiality by the inspection of CONFIDENTIAL Discovery Material before it is copied and marked pursuant to this Order. Inspection of Discovery Material by any party shall be conducted by persons eligible under Paragraph 11 below.

(c)     Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30. Such information shall automatically be treated as CONFIDENTIAL Discovery Material from the time of taking the deposition until fifteen (15) calendar days following receipt of the final transcript by counsel for the Producing Party. At the expiration of the said fifteen (15) day period, the entire transcript shall be deemed non-confidential,  unless counsel for the Producing Party notifies counsel for the Receiving Party in writing that CONFIDENTIAL Discovery Material is set forth in the transcript and specifies in writing the portions of the transcript that disclose CONFIDENTIAL Discovery Material, or during the deposition, counsel for the Producing Party or any other party designates the transcript or portions thereof to be CONFIDENTIAL Discovery Material. The legend described in Paragraph 4(a) shall be placed on the front of any deposition transcript, and if videotaped, any copies of the videotape, containing CONFIDENTIAL Discovery Material.

5.     To the extent that any party wishes to file or submit for filing as part of the Court record any materials subject to this Stipulated Protective Order, or any pleading, motion or memorandum referring to them, the party wishing to do so shall first cause to be filed a motion for leave to file such materials under seal unless the Producing Party consents to use of such

materials in a filing that is not under seal.  The party seeking leave to file CONFIDENTIAL Discovery Material under seal shall provide copies of those materials proposed to be filed under seal to the Clerk of the Court in an envelope marked "PROPOSED TO BE FILED UNDER SEAL" along with the date, docket number and title of the related motion for leave to file under seal.  The party seeking to file materials under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court, but any other party may file papers and/or present arguments in support of the need for the materials at issue to be filed under seal. Leave need not be obtained in order to redact personal data or account numbers from any materials filed with the Court.

**USE**

6.      Discovery Material designated CONFIDENTIAL under this Stipulated Protective Order may be used only for purposes of this litigation and any appeal therefrom, and shall not be used for any other purpose including, but not limited to, any business, proprietary, commercial, governmental or other legal purpose, including in connection with any other litigation, arbitration or claim.  Nothing in this Stipulated Protective Order precludes a Producing Party from using or disseminating its own CONFIDENTIAL information.  Nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

7.      During the course of preparing for a deposition or trial, unless otherwise entitled to access under this Protective Order, a fact deponent or witness may be shown CONFIDENTIAL Discovery Material of another party or third party only if the Discovery Material reveals on its face that the deponent or witness has prior knowledge of the CONFIDENTIAL information in the Discovery Material, authored the Discovery Material, is referred to in the Discovery Material (provided the deponent or witness is not an employee of a business competitor of the Producing

Party at the time of the disclosure of the Confidential Discovery Material), or received the Discovery Material in the ordinary course of business and outside the context of this litigation. Nothing in this Paragraph shall preclude a Producing Party from showing Discovery Material that it has produced to its own deponent or witness, regardless of whether the Producing Party has designated the Discovery Material it produced as CONFIDENTIAL, and regardless of whether such deponent or witness is an author or recipient of the Discovery Material.

       8.    During the course of a deposition or trial, unless otherwise entitled to access under this Protective Order, a fact deponent or witness may be shown CONFIDENTIAL Discovery Material of another party or third party only if one of the following conditions is present: (1) the deponent or witness has prior knowledge of the CONFIDENTIAL information in the Discovery Material, (2) the Discovery Material reveals on its face that the deponent or witness authored the Discovery Material, is referred to in the Discovery Material (provided the deponent or witness is not an employee of a business competitor of the Producing Party at the time of the disclosure of the Confidential Discovery Material), or received the Discovery Material in the ordinary course of business and outside the context of this litigation, or (3) foundation testimony or other Discovery Material establishes that the deponent or witness authored the Discovery Material, is referred to in the Discovery Material (provided the deponent or witness is not an employee of a business competitor of the Producing Party at the time of the disclosure of the Confidential Discovery Material), or received the Discovery Material in the ordinary course of business and outside the context of this litigation. Notwithstanding the above, a fact deponent or witness who is an officer, director or employee of a Producing Party may be shown any CONFIDENTIAL Discovery Material of the Producing Party of which he or she is an officer, director or employee. Further, a former officer, director or employee of a Producing Party may be shown any CONFIDENTIAL Discovery Material of which he or she has prior knowledge, including any

CONFIDENTIAL Discovery Material that refers to matters of which the witness has personal knowledge, which has been produced by the Producing Party, and which pertains to the period or periods of the witness' employment.

9.    All Discovery Material designated CONFIDENTIAL shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected and may be disclosed.

10.    Third parties may designate as CONFIDENTIAL transcripts of depositions of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as parties to this Action, and any such Discovery Material shall be treated by parties to this Action in the same manner as materials and information so designated by a party.   Third parties shall have the same rights and obligations under this Stipulated Protective Order as parties and may move the Court to enforce the provisions of this Stipulated Protective Order.   A third party's use of this Protective Order to protect its own information does not entitle that nonparty access to CONFIDENTIAL Discovery Material produced by any party in this case.

### DISCLOSURE

11.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a)    any outside counsel of record in this Action, including any attorneys employed by firms of record even if not otherwise identified specifically on pleadings, and support personnel for these counsel, such as law clerks, analysts, paralegals, litigation assistants, secretaries and support staff;

(b)     four designated in-house counsel for each party and for each manufacturer of the games at issue in the Action who are assisting in the defense and/or appeal of this Action and support personnel for these counsel, such as law clerks, analysts, paralegals, litigation assistants, secretaries and support staff;

(c)     two senior management level employees for each party and for each manufacturer of the games at issue in the Action, and in the case of financial information, one financial analyst for each party and for each manufacturer of the games at issue in the Action;

(d)     two in-house technical analysts for each party and for each manufacturer of the games at issue in the Action;

(e)     any outside expert or consultant who is not a current employee of any party in this Action and is expressly retained or sought to be retained by counsel identified in Paragraphs 11(a) or 11(b) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(f)     any court reporter, shorthand reporter or typist recording or transcribing testimony;

(g)     service contractors such as document copy services, trial technology consultants, jury consultants and graphic artists;

(h)     personnel of the Court and all appropriate courts of appellate jurisdiction; and

(i)     any other person agreed to by the Producing Party in writing.

CONFIDENTIAL Discovery Material shall not be disclosed to any person described in Paragraphs 11(b-e), (g) or (i) unless and until such person has executed the Declaration and Undertaking to Be Bound by Stipulated Protective Order in the form attached as Exhibit A. CONFIDENTIAL Discovery Material shall not be disclosed to any person unless such person is

authorized to receive CONFIDENTIAL Discovery Material pursuant to Paragraph 11 of this Stipulated Protective Order.

12.     As a condition precedent to disclosure of CONFIDENTIAL Discovery Material, at least seven (7) calendar days before the disclosure of any CONFIDENTIAL Discovery Material of any Producing Party is made to an individual described above in Paragraphs 11(e) or (i), counsel for the Receiving Party shall serve a Notice on the Producing Party identifying the individual by name and including a *curriculum vitae* or equivalent resume disclosing the individual's address, employment history, past or present relationship with any of the parties, all consulting engagements during the past five (5) years and an executed acknowledgement from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto.  Prior to disclosure of any CONFIDENTIAL Discovery Material produced by another party, the other party shall have seven (7) calendar days from receipt of the executed acknowledgement and *curriculum vitae* or resume to object to such disclosure.  In the event of an objection to the proposed disclosure, the parties shall promptly confer in good faith to resolve the concerns giving rise to the objection.  If the parties are unable to reach agreement regarding such disclosure, the objecting party must notify the Court on an expedited basis, and in no event later than fifteen (15) calendar days after receipt of the executed acknowledgement and *curriculum vitae* or resume. The burden shall be on the objecting party to demonstrate to the Court why the proposed disclosure should not be made.  CONFIDENTIAL Discovery Material shall not be disclosed to such an individual pending the Court's resolution of the dispute.  The foregoing seven (7) and fifteen (15) calendar day periods may be extended by agreement of the parties or by Order of the Court.

13.     The recipient of any CONFIDENTIAL Discovery Material that is provided under this Stipulated Protective Order shall maintain such information in a secure and safe area and

shall exercise reasonable and proper care with respect to the storage, custody, use and/or dissemination of such information.

### EXEMPTED MATERIALS

14.     The Receiving Party may seek to remove the confidentiality restrictions set forth herein on the ground that information designated CONFIDENTIAL does not fall within the definitions of CONFIDENTIAL set forth in Paragraphs 3 and 4 above.  In such event, the Producing Party shall have the burden of proof of establishing that Discovery Material challenged under this Paragraph constitutes CONFIDENTIAL Discovery Material as defined in Paragraphs 3 and 4.

15.     None of the provisions of this Stipulated Protective Order shall apply to the following categories of documents or information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL has/had been:

(a)     available to the public at the time of its production hereunder;

(b)     available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c)     known to the Receiving Party, or shown to have been independently developed by the Receiving Party, prior to its production hereunder without use or benefit of the information;

(d)     obtained outside of this Action by the Receiving Party from the Producing Party without having been designated as CONFIDENTIAL; provided, however, that this provision does not negate any pre-existing obligation of confidentiality; and/or

(e)     previously produced, disclosed or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

-10-

1   While the Producing Party has the burden of proof of establishing that Discovery Material

2   is CONFIDENTIAL as set forth in Paragraph 14, the Receiving Party shall have the burden of

3   proof to establish that any otherwise valid claims of confidentiality have been vitiated based on

4   any of the grounds set forth in Paragraph 15.

5

6   **INADVERTENT PRODUCTION/DESIGNATION**

7   16.   The inadvertent production of a document subject to attorney-client privilege or

8   work product immunity will not waive attorney-client privilege or work product immunity.  In

9   addition, the fact that a document was inadvertently produced shall not be used in any manner as

10   evidence in support of any alleged waiver of attorney-client privilege or work product immunity.

11   If a party has inadvertently produced a document subject to a claim of attorney-client privilege or

12   work product immunity, upon request, the document and all copies thereof shall be returned

13   promptly, and in no event later than seven (7) calendar days, after a request is made by the

14   Producing Party, as required by Fed. R. Civ. P. 26(b)(5)(B).  Moreover, any notes or summaries,

15   other than those expressly permitted under this section, referring to or relating to any such

16   inadvertently produced document subject to a claim of attorney-client privilege or work product

17   immunity shall be destroyed.  Nothing herein shall prevent the Receiving Party from preparing a

18   record for its own use containing the date, author, address(es) and other such information as is

19   reasonably necessary to identify the document and generally describe its nature to the Court in

20   any motion to compel production of the document.  Such a record of the identity and nature of a

21   document may not be used for any purpose other than preparation of a motion to compel in this

22   Action.  After return of the document(s), the Receiving Party may challenge the Producing

23   Party's claim(s) of attorney-client privilege or work product immunity by making a motion to the

24   Court.

25

26

27

28

-11-

17.     The inadvertent failure by a Producing Party to designate Discovery Material as CONFIDENTIAL shall not be a waiver of such designation, provided that the Producing Party promptly informs the Receiving Party that such Discovery Material is CONFIDENTIAL, and in any event not more than seven (7) calendar days from when the failure to designate first became known to the Producing Party.  The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate.  Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party (in which case the Producing Party shall promptly return them to the Receiving Party with the desired designation), or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Stipulated Protective Order.

18.     In the event of disclosure of Discovery Material designated CONFIDENTIAL to any person not authorized to such access under this Stipulated Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## OBJECTION TO DESIGNATIONS

19.    Any party may object to the designation by the Producing Party of any Discovery Material as CONFIDENTIAL. The process for making such an objection and for resolving the dispute shall be as follows:

(a)    The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations within seven (7) calendar days of becoming aware of the confidentiality designation through review of the Discovery Material. . This notice shall include, at a minimum, a specific identification of the designated Discovery Material objected to as well as the reason(s) for the objection.

(b)    The objecting party shall thereafter have the burden of conferring within seven (7) calendar days, either in person or by telephone with the Producing Party claiming protection, as well as any other interested party, in a good faith effort to resolve the dispute.

(c)    Failing agreement, the objecting party may move the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation. The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL and entitled to such protection under this Stipulated Protective Order.

Notwithstanding any such challenge to the designation of Discovery Material as CONFIDENTIAL, all such Discovery Material so designated shall be treated as such and shall be subject to the provisions of this Stipulated Protective Order until either the party who designated the Discovery Material as CONFIDENTIAL withdraws such designation in writing or the Court rules that the designation is not proper and that the designation be removed.

Any failure to object to any Discovery Material being designated as CONFIDENTIAL shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

-13-

### RETURN/DESTRUCTION OF MATERIALS

20.     Not later than sixty (60) calendar days after the termination of this Action, all CONFIDENTIAL Discovery Material, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that each party's outside counsel may retain all papers filed with the Court, transcripts of testimony and exhibits, expert reports, discovery requests and responses, correspondence and their own work product containing CONFIDENTIAL Discovery Material for archival purposes, and provided that such counsel shall not disclose any party's CONFIDENTIAL Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Stipulated Protective Order.  Not later than seventy-five (75) calendar days after the termination of this Action, the party receiving any CONFIDENTIAL Discovery Material shall certify in writing that all such material has been returned or destroyed.

### MISCELLANEOUS PROVISIONS

21.     This Stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of Discovery Material for which the protection of this Order is not believed by such party to be adequate.  Nothing in this Stipulated Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

22.     The entry of this Stipulated Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

23.     If at any time CONFIDENTIAL Discovery Material is subpoenaed by any court, or any arbitral, administrative or legislative body, the person to whom the subpoena is directed

shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL Discovery Material and shall provide each such party with an opportunity to object to the production of such materials before the party being subpoenaed discloses such materials. If the Producing Party does not move for a protective order within seven (7) calendar days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the seven (7) calendar day notice period, such material in response thereto.

24.     The parties agree that no Party or independent expert witness or consultant, whether designated as a testifying witness or not, is required to maintain or produce drafts of expert reports or communications with outside counsel relating to the Action, or notes made or taken during preparation of laboratory testing or expert reports per Fed R. Civ. P. 26(b)(4)(B). Communications between an independent expert witness, or consultant, and a Party's attorneys shall not be discoverable, except that facts or data contained in such communications and reviewed by or relied upon by such expert witness, or consultant will become discoverable pursuant to Fed.R.Civ.P.26(A)(2)(b) if and when such individual or entity is designated as a testifying witness. Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes or outlines for draft reports are also exempt from production and discovery and may be discarded. No discovery can be taken from any consulting expert except to the extent that the consulting expert has provided information, opinions or other materials to a testifying expert, who relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this case. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by a testifying expert in formulating his or her final report, or trial or deposition testimony, or any opinion in

-15-

this case. Materials, communications and other information exempt from discovery under this Paragraph 24 shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

25.     Facts and data generated or reviewed by an expert or consultant and relied upon by such individual or entity will become discoverable if and when such individual or entity is designated as a testifying witness. The Parties and testifying witnesses and consultants shall fully comply with all other disclosure requirements of Federal Rule of Civil Procedure 26(a)(2) subject to the exclusions set forth in this Protective Order.

26.     Counsel for any party to this Stipulated Protective Order shall have the right to exclude from depositions, other than the deponent, court reporter and videographer, any person who is not authorized under this Stipulated Protective Order to receive CONFIDENTIAL Discovery Material.   Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL Discovery Material.   The failure of individuals other than those specified in the previous sentence to leave the deposition room during any portion of the deposition that inquires into matters deemed CONFIDENTIAL by the designating party shall constitute justification for counsel to instruct the witness not to answer the question.

27.     All notices required by any Paragraphs of this Stipulated Protective Order are to be made by e-mail to counsel representing the noticed party. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice. Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by counsel for the Producing Party.

28.     Nothing in this Stipulated Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof,

relying in a general way upon his or her examination of CONFIDENTIAL Discovery Material in this Action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view CONFIDENTIAL Discovery Material, counsel shall not disclose the contents of CONFIDENTIAL Discovery Material produced by any other party or non-party.

29.   Execution of this Stipulated Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any document, or any portion thereof, is protected by the attorney-client privilege or work product immunity or is otherwise not discoverable or admissible in evidence in this Action or any other proceeding.

30.   A Receiving Party may not use another party's CONFIDENTIAL Discovery Material in the preparation or prosecution of a patent or patent application. Nothing in this Paragraph shall prohibit an individual who has received CONFIDENTIAL Discovery Material from participating in re-examination proceedings before the Patent and Trademark Office.

31.   Notwithstanding any provisions of this Stipulation Protective Order, if officers or other designated members of management of the respective parties are believed to need materials for mediation, settlement or other related purposes, the parties through their counsel will cooperate in trying to reach agreement among themselves as to what information can be supplied to pre-designated persons for these purposes under the provisions of and in accordance with this Order and if necessary thereafter, in promptly referring this issue to the Court.

32.   Any party receiving CONFIDENTIAL Discovery Material who believes in good faith that disclosure of such material to the United States Patent and Trademark Office (PTO) is required by 37 C.F.R. § 1.56 may disclose such material to the PTO using the confidential disclosure procedures set forth in Sections 724 - 724.06 of the Manual of Patent Examining Procedure. Any such disclosure shall be accompanied by a Petition to Expunge such Protected

Material from the PTO's file in accordance with 37 C.F.R. § 1.59(b) and Section 724.05 of the Manual of Patent Examining Procedure. At least ten (10) calendar days prior to submission of Protected Material to the PTO, the submitting party shall provide written notice of the planned submission to the Producing Party. The Producing Party may seek relief from this Court to prevent or otherwise restrict disclosure of the Protected Material to the PTO.

33.    This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.    At the conclusion of the present Action, the Court shall retain jurisdiction to enforce the terms of this Order.  Each person or entity who receives CONFIDENTIAL Discovery Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Stipulated Protective Order.

34.    For purposes of this Stipulated Protective Order, "termination of this Action" is defined to mean the exhaustion of all appeals from orders and final judgments in this Action or the settlement of this Action.

DATED: August 20, 2012                         IT IS SO ORDERED:


_George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge


Dated: August 16, 2012

/s/ Michael D. Rounds                          /s/ Jennifer C. Dorsey
Michael D. Rounds                              J. Randall Jones (Nevada # 1927)
Nevada Bar No. 4734                            Jennifer C. Dorsey (Nevada Bar # 6456)
WATSON ROUNDS                                  KEMP, JONES & COULTHARD, LLP
5371 Kietzke Lane                              3800 Howard Hughes Pkwy, 17th Floor
Reno, NV 89511-2083                            Las Vegas, Nevada  89169

-18-

1   Telephone: (775) 324-4100                Telephone: (702) 385-6000
    Facsimile: (775) 333-8171
2   E-Mail: mrounds@watsonrounds.com

3   Christopher J. Sorenson                  Timothy C. Meece
    Christopher C. Davis                     V. Bryan Medlock, Jr.
4   MERCHANT & GOULD                         Michael J. Harris
    3200 IDS Center                          Audra Eidem Heinze
5   80 South Eighth Street                   BANNER & WITCOFF, LTD.
    Minneapolis, MN 55402                    10 South Wacker Drive, Suite 3000
6   Telephone:  (612) 332-5300               Chicago, Illinois  60606
                                             Telephone: (312) 463-5000
7   Regina V. Culbert                        Facsimile: (312) 463-5001
    MERCHANT & GOULD
8   701 Fifth Avenue, Suite 4100             Patrick M. McCarthy
    Seattle, WA 98104                        HOWARD & HOWARD ATTORNEYS PLLC
9   Telephone:  (206) 342-6200               101 North Main, Suite 610
                                             Ann Arbor, MI 48104
10  Jeffrey D. Blake                         Telephone: (734) 222-1483
    MERCHANT & GOULD                         Facsimile: (734) 761-5957
11  191 Peachtree Street, N.E.
    Suite 4300                               David P. Enzminger
12  Atlanta, GA 30303                        WINSTON & STRAWN
    Telephone:  (404) 954-5040               333 S. Grand Avenue
13                                           Los Angeles, CA  90071-1543
                                             Telephone: (213) 615-1700
14  *Attorneys for Plaintiff*                Facsimile: (213) 615-1750

15                                           *Attorneys for Defendants*

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

REMBRANDT GAMING TECHNOLOGIES, LP, a
Virginia limited partnership,

        Plaintiff,

   vs.

BOYD GAMING CORPORATION, a Nevada
corporation; CAESARS ENTERTAINMENT
OPERATING COMPANY, INC., a Delaware
corporation; MGM RESORTS INTERNATIONAL
OPERATIONS, INC., a Delaware corporation;
WMS GAMING, INC., a
Delaware corporation; and LV Gaming Ventures,
LLC, a Nevada limited liability company,

        Defendants.

**2:12-CV-0775 MMD-GWF**

**DECLARATION AND
UNDERTAKING TO BE BOUND
BY STIPULATED PROTECTIVE
ORDER**

I, _____, declare

that:

      1.     My residence address is

_____.

      2.     My current employer is

_____ and the address of my current

employment is _____.

      3.     My current occupation or job description is

_____.

      4.     [Experts Only]  A copy of my *curriculum vitae* is attached hereto.

      5.     I have received and read the Stipulated Protective Order in this Action

-20-

1    dated _____, and I understand its provisions.  I agree (a) to be bound by

2    the terms of the Stipulated Protective Order, (b) to use CONFIDENTIAL Discovery Material

3    solely for this action and (c) not to disclose any CONFIDENTIAL Discovery Material to any

4    person, firm, corporation or other entity not qualified to have access to such information pursuant

5    to the terms of the Stipulated Protective Order.

6            6.      Upon termination of this Action, I will destroy or return to retaining

7    counsel all CONFIDENTIAL Discovery Material and summaries, abstracts and indices thereof

8    that come in my possession, and documents of things that I have prepared relating thereto.

9            7.      I hereby submit to the jurisdiction of the United States District Court for

10   the District of Nevada for the purpose of enforcement of the Stipulated Protective Order.  I

11   understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation

12   of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and

13   may be liable in civil action by one or more of the parties in this Action.

14           I declare under penalty of perjury under the laws of the United States of America

15   that the foregoing is true and correct.

_____          _____
Date                                                           Signature