UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| REMBRANDT GAMING TECHNOLOGIES, LP, | Case No. 2:12-cv-00775-MMD-GWF |
|---|---|
| Plaintiff, | ORDER |
| v. | (Defs.' Motion to Stay – dkt. no. 60) |
| BOYD GAMING CORPORATION, et al., | |
| Defendants. | |

**I.   SUMMARY**

Before the Court is Defendants' Motion to Stay.  (Dkt. no. 60.)  For the reasons discussed below, the Motion is granted.

**II.   BACKGROUND**

Plaintiff Rembrandt Gaming Technologies, LP ("Rembrandt") filed this patent infringement suit against Defendants WMS Gaming, Inc., Boyd Gaming Corporation, Caesars Entertainment Operating Company, Inc., MGM Resorts International, Inc., and LV Gaming Ventures, LLC on May 9, 2012, alleging Defendants infringed Rembrandt's "Electronic Second Spin Slot Machine" patent, U.S. Patent No. 6,641,477.  (*See* dkt. no. 1.)  Defendants operate various video slot machine games that Rembrandt alleges infringe on its '477 patent.

On June 29, 2012, Defendants filed a request for *ex parte* reexamination of the '477 patent with the United States Patent and Trademark Office ("PTO") pursuant to 35

U.S.C. § 302.  (*See* dkt. no. 60-B.)  On August 21, 2012, the PTO granted the reexamination request on the ground that "substantial new question of patentability affecting claims 1, 32, and 34" of the '477 patent was raised by the reexamination request.  (*See* dkt. no. 60-A.)

Shortly thereafter, Defendants filed this Motion to Stay on August 24, 2012, arguing that the case should be stayed pending the results of the PTO's reexamination of the patent claims.  (Dkt. no. 60.)

## III.   LEGAL STANDARD

Reexamination is a procedure that allows the PTO to reconsider the validity of an existing patent. 35 U.S.C. §§ 301, *et seq.*  Reexamination of patent validity in the PTO is a "useful and necessary alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner." H.Rep. No. 96-1307(I), at 4.  As the Federal Circuit has explained, "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue . . . or to facilitate trial of that issue."  *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).  "Courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of its officers."  *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007).

"[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings."  *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).  The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.* at 254-55.  "Although the commencement of reexamination proceedings does not operate as an automatic stay of federal court litigation involving

identical claims, a district court retains the authority, pursuant to its inherent power to control and manage its docket, to stay an action pending the outcome of reexamination proceedings before the PTO." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 87 (W.D.N.Y. 2011).

Local Rule 16.1-20 governs stays of patent infringement suits pending reexamination proceedings, and largely echoes the standards set out in other districts. In particular, it instructs courts to consider, among other factors, "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, (3) whether discovery is complete, and (4) whether a trial date has been set." Local Rule 16.1-20; *see, e.g.*, *Anascape,* 475 F. Supp. 2d at 615.

## IV. DISCUSSION

### A. Undue Prejudice or Tactical Disadvantage

Defendants argue that a stay will not unduly prejudice Rembrandt because Rembrandt does not compete against Defendants, does not seek a permanent injunction, and does not practice these patents. Rembrandt contends that a stay will be prejudicial primarily due to the lengthy reexamination process. Rembrandt further argues that discovery has already commenced with Rembrandt producing thousands of pages of documents, while Defendants have not yet disclosed "anything similar."

The Court begins its analysis with a summary of the relevant background on the patent reexamination process. According to the PTO, a total of 11,737 patents reexamination decisions have been made by the PTO. (*See* dkt. no. 60-C.) Of those, 92% were granted. Of the granted reexamination requests, 22% confirmed all claims, 67% altered some claims, and 11% cancelled all claims. On average, reexaminations take approximately 25.4 months to complete, notwithstanding Congress' express instruction that PTO reexaminations be "conducted with special dispatch." (*Id.* at 2.); *see* 35 U.S.C. § 305.

///

While this data does suggest that the parties may be in line for a lengthy delay should a stay issue, "some prejudice . . . is inherent in any delay, but delay alone is insufficient to prevent a stay." *Spread Spectrum Screening LLC.*, 277 F.R.D. at 88. Rembrandt does not contest Defendants' representations that it does not practice the patent and does not compete with Defendants, nor does Rembrandt seek an injunction. *See e.g.*, *Visual Interactive Phone Concepts, Inc. v. Samsung Telecomms. Am., LLC*, No. 11-12945, 2012 WL 1049197, at *3 (E.D. Mich. Mar. 28, 2012) (granting motion to stay in part because plaintiff did not practice patent and did not seek an injunction); *Round Rock Research LLC v. Dole Food Co. Inc.*, No. 11-1241, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012) (same). *But see BarTex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 651-52 (E.D. Tex. 2009) (denying motion to stay on the grounds in part that the *inter partes* reexamination process may require an average of 78.4 months to complete). The Court emphasizes that the parties do not directly compete against each other, which lessens the risk of prejudice to the non-moving party. *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009) ("Where the parties are direct competitors, a stay would likely prejudice the non-movant.").

Accordingly, the Court holds that while a potentially lengthy delay may be inconvenient for Rembrandt or Defendants, no viable threat of prejudice toward Rembrandt exists should a stay issue.

**B.    Simplification of Issues**

Where the PTO grants reexamination to reconsider the prior art of a patent, "any review of prior art that the Court may conduct will be enhanced by the PTO's expert opinion." *Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc.*, 486 F. Supp. 2d 990, 994 (D. Ariz. 2007); *see also In re Etter,* 756 F.2d 852, 857 (Fed. Cir. 1985) ("When the patent is concurrently involved in litigation, an auxiliary function [of reexamination] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration."). Grounded in this principle, Defendants also argue that the PTO reexamination will result in a simplification of issues in the suit and would narrow the

inquiry the Court will be required to make. There is much to recommend in this basic argument, but it need not carry the day with respect to this factor, for "[a] stay will always simplify the issues in the litigation to some extent." *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005). But "[a]s some courts have noted, when reexamination potentially will eliminate only one issue out of many, a stay is not warranted." *Id.*

As the litigation is in its early stages, the precise nature of the parties' arguments has not been disclosed to the Court. Consequently, the Court does not have a basis to determine what range of defenses will be deployed. For example, if Defendants argue invalidity of the patent on a number of additional bases beyond those which the PTO may consider on a request for reexamination — namely "prior art consisting of patents or printed publications," 35 U.S.C. § 301(a) — the Court will nevertheless be forced to address other patent invalidity arguments. Given the different standards that the PTO and courts apply between a reexamination and a patent infringement suit, this Court will not automatically assume the issues will be significantly simplified after reexamination. *See Bausch & Lomb Inc. v. Alcon Labs., Inc.,* 914 F. Supp. 951, 953 (W.D.N.Y. 1996) (because courts and the PTO apply different standards and can consider different evidence, courts' findings on patent validity are not binding on PTO and vice versa).

Further, the statistics cited by the parties are susceptible to competing interpretations. "[B]y focusing on the high likelihood that at least some claims will be canceled, or the high likelihood that at least some claims will survive," the Court is left to speculate what effect the reexamination process will have on simplifying the issues here. *See A.R. Arena Prods., Inc. v. Grayling Indus., Inc.*, No. 5:11-CV-1911, 2012 WL 2953190, at *7 (N.D. Ohio June 25, 2012) (report and recommendation of special master).

Similarly, the impact reexamination might have on analyses of damages weighs little in the Court's analysis. While Defendants correctly indicate that an amendment or cancellation of the claims that gave rise to this litigation invariably affects the calculation

of damages, such calculations are no more expedited if the PTO amends claims 32 and 34. At bottom, *someone* will have to calculate damages if infringement is found. Short of an outright cancellation of both these claims – perhaps an unlikely scenario, given the statistics cited by Defendants – it is of little consequence that damages must be calculated differently than if no reexamination was granted.

Lastly, the Court recognizes that the expertise the PTO may offer after completing its reexamination is proportional to how technical the patent at issue is. That is, staying the litigation benefits the Court more where the infringement suit revolves around complex matters that rely heavily on specialized expertise. *See A. R. Arena Prods., Inc.*, 2012 WL 2953190, at *8 ("[The PTO's] expertise may certainly be valuable to the Court in any patent case, but probably more so when the patent-in-suit is highly technical."). Upon review, the '477 patent at issue here is not the type that requires considerable technical expertise to interpret. Accordingly, no greater need than usual exists for PTO reexamination.

Based on the foregoing, this factor in the stay analysis is at best neutral, as it requires the Court to speculate upon the nature of the parties' arguments at this early stage in the litigation. Rembrandt has failed to demonstrate with particularity why a reexamination would not simplify the issues, and relies only on speculation when arguing that it will pursue the lawsuit even after reexamination closes, regardless of the outcome.

**C.   Status of Discovery and Trial**

This Motion comes before the Court at an early stage in the litigation. Rembrandt filed their Amended Complaint on July 20, 2012. (*See* dkt. no. 38.) Defendants answered on August 9, 2012. (*See* dkt. nos. 47-51.) On August 20, Magistrate Judge George Foley, Jr. entered a scheduling order. (Dkt. no. 53.) Four days later, Defendants filed this Motion. No trial date has been set, and no *Markman* hearing has been scheduled. Although discovery has begun after the issuance of a scheduling order, this factor weighs in favor of granting a stay. *See, e.g., Tesco Corp.*, 599 F. Supp. 2d at 853 (procedural posture favored a stay where the case was young, no trial date

had been set, and no scheduling order was issued); *ESN, LLC v. CISCO Systems, Inc.*, No. 5:08-cv-20, 2008 WL 6722763, at *5 (E.D. Tex. Nov. 20, 2008) (holding that the stage of litigation factor weighed in favor of a stay even though 20,000 pages of documents had been produced and claim construction hearing and trial dates had been set); *Spread Spectrum Screening LLC*, 277 F.R.D. at 89 (while discovery was undertaken, that no *Markman* hearing and trial was scheduled counseled for granting a stay).

D.   **Assessment of All Factors**

In light of the discussion above, the Court holds that a stay is warranted. While the second factor concerning simplification of the issues is difficult to judge at this stage of the litigation, Rembrandt has failed to adequately demonstrate that it will be prejudiced by a stay, and the procedural posture of the case counsels in favor of a stay. While the Court is mindful that filing a reexamination request ought not be turned into a prerequisite for the prosecution of a patent infringement claim, *see Viskase Corp. v. American Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations"), a stay is appropriate in these circumstances.

Faced with the possibility of a stay, Rembrandt requests certain conditions be imposed if the Court issues a stay, including the exchange of all infringement, invalidity, and unenforceability contentions called for by Local Rules 16.1-16.1-12, along with an agreement that Defendants will not file additional reexamination requests and will not raise the same prior art arguments raised in the reexamination requests. Rembrandt argues that these conditions "would reduce, though not completely eliminate, the prejudice to Rembrandt in the event of a stay." (Dkt. no. 65 at 9:15-16.) The Court disagrees. A stay will be issued only for this reexamination request; any further requests, should they be filed with the PTO, will be reexamined in light of all facts, including whether or not Defendants' conduct was intended to unnecessarily delay litigation. And given the differing standards and procedures involved in a patent

reexamination as compared to a patent infringement lawsuit, Defendants' ability to defend this suit would be unfairly hamstrung by imposing estoppel conditions upon them. This is especially true in light of the "public policy interest in removing invalid patents from the public arena" through the reexamination process. *Smithkline Beecham Corp. v. Apotex Corp.,* 403 F.3d 1331, 1354 (Fed. Cir. 2005) (Garajsa, J., concurring).

## V.     CONCLUSION

After careful consideration of the relevant factors, the Court finds that the interests of justice are best served by the issuance of a stay. Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendants' Motion to Stay (dkt. no. 60) is GRANTED. This matter is STAYED pending the PTO's reexamination of the '477 patent.

IT IS FURTHER ORDERED that Plaintiff Rembrandt shall file a status report every ninety (90) days to update the Court on the reexamination proceedings and to provide notice to the Court when the reexamination proceedings conclude and the PTO issues its decision in the reexamination request. The parties are then to confer and submit a joint status report to the Court.

ALL OTHER PENDING MOTIONS ARE DENIED with leave for the moving party to renew when the stay is lifted.

DATED THIS 3rd day of December 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE