UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

REMBRANDT GAMING TECHNOLOGIES, LP, )
           Plaintiff, )    Case No. 2:12-cv-00775-MMD-GWF
vs. )    **ORDER**
BOYD GAMING CORP., *et al.* )
           Defendants. )

This matter is before the Court on Plaintiff Rembrandt Gaming Technologies, LP's Emergency Motion for a Stay of Discovery (#192), filed on January 15, 2016. Defendants filed a Response (#194) to Plaintiff's motion on January 19, 2016. Defendants also filed a Motion for Entry of a Second Amended Discovery Plan and Scheduling Order (#195) on January 19, 2016. The Court conducted a hearing in this matter on January 25, 2016.

## BACKGROUND AND DISCUSSION

On December 22, 2015 Plaintiff filed a request for entry of final judgment (#186) *in favor of the Defendants* and based on the District Court's November 24, 2015 order, Docket No. 185, in which the Court "adopted Defendants' proposed construction of the claim term 'designating a chosen number, from one to all, of said initial displayed symbols for replacement' requiring player designation." *Request for Entry of Final Judgment (#186), pg. 2.* Plaintiff stipulates that as a result of the Court's order, it cannot prevail on its claim for patent infringement and that final judgment should therefore be entered in favor of Defendants. Plaintiff intends to appeal the judgment to the Federal Circuit. Defendants oppose Plaintiff's request for final judgment, arguing that Defendants should have an opportunity to litigate their affirmative defenses that the patent is invalid and unenforceable so that the Federal Circuit can address all issues in the case in one appeal, and avoid

the possibility of successive appeals if the District Court's claim construction order is reversed. Plaintiff's request for entry of final judgment has been fully briefed and is awaiting decision by the District Judge. In its instant motion, Plaintiff argues that the Court should stay discovery until the District Judge rules on its request for final judgment. Defendants oppose a stay of discovery for essentially the same reasons that they oppose entry of final judgment.

In *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1481 (Fed.Cir. 1998), the district court found that defendant did not infringe the plaintiff's patent and entered final judgment for defendant on that basis. The district court decided that it need not reach the issue of whether the patent was invalid. The Federal Circuit noted that "[t]he district court recognized that it could, in its discretion, decide this affirmative defense, but chose not to do so, citing Fed.R.Civ.P. 8(c)." In affirming the district court's action, the Federal Circuit also noted the dispositive distinction between a situation in which an alleged infringer has asserted a counter-claim for declaratory relief that the patent is invalid versus the situation in which it only alleges an affirmative defense of invalidity. While the court may have a duty to decide the counterclaim, it is not required to adjudicate affirmative defenses not germane to the finding of non-infringement. *Id.*, citing *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 113 S.Ct. 1967 (1993). The court nevertheless stressed the useful general rule that trial courts should decide all litigated issues in the interest of finality. *Id.*, 133 F.3d at 1481, citing *Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327, 330, 65 S.Ct. 1143 (1945). The court stated that if it had reversed the judgment of non-infringement, "the issue of validity would have required remand and decision, perhaps followed by another appeal, and accompanying cost, delay and inefficiency. However, as this litigation has evolved, Medzam has no justiciable interest in validity. The case is over." *Id.*

Rembrandt points out that other district courts have declined to adjudicate an affirmative defense of invalidity once the court has made a finding of non-infringement. *See Bally Techs., Inc. v. Business Intelligence Sys. Solutions*, 2012 U.S.Dist. LEXIS 120344, at *33 (D.Nev. August 23, 2012) and *Wireless Ink Corp. v. Facebook, Inc.*, 969 F.Supp.2d 318, 338-39 (S.D.N.Y. 2013). The court in *Wireless Ink* went so far as to suggest that "a district court's resolution of the invalidity issue after a finding of non-infringement constitutes unnecessary dicta, if not, in certain

circumstances reversible error."

The bottom line is that it is within the discretion of the District Judge to either enter final judgment of non-infringement or defer final judgment until Defendants' affirmative defenses are also adjudicated. The District Judge is in a better position than the undersigned to assess the factors militating in favor of or against entry of final judgment at this time. Given the somewhat unusual circumstances in which the proponent of the discovery stay seeks to have final judgment entered against it, the interest in the just, speedy and inexpensive determination of this action favors a stay of discovery until the Court decides Plaintiff's Request for Entry of Final Judgment (#186). The issue before the Court is not complicated and there is no reason to anticipate a lengthy passage of time before the Court rules on Plaintiff's request. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Rembrandt Gaming Technologies, LP's Emergency Motion for a Stay of Discovery (#192) is **granted**. Further discovery in this action is stayed pending the District Court's decision on Plaintiff's Request for Entry of Final Judgment (#186).

**IT IS FURTHER ORDERED** that Defendants' Motion for Entry of a Second Amended Discovery Plan and Scheduling Order (#195) is **denied**, without prejudice, pending the decision on Plaintiff's request for entry of final judgment.

DATED this 27th day of January, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge