UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| REMBRANDT GAMING TECHNOLOGIES, LP,<br><br>Plaintiff,<br>v.<br>BOYD GAMING CORPORATION, et al.,<br><br>Defendants. | Case No. 2:12-cv-00775-MMD-GWF<br><br>ORDER<br><br>(Pltf's Mot. For Entry of Final Judgment – dkt. no. 186) |

Plaintiff Rembrandt Gaming Technologies, LP alleges defendants infringed Plaintiff's "Electronic Second Spin Slot Machine" patent, U.S. Patent No. 6,641,477 ("the '477 Patent"). (*See* dkt. no. 1.) Following a claim construction hearing, the Court issued an Order addressing disputed claim terms in claim 32 of the '477 Patent ("Claim Construction Order"). (Dkt. no. 185.) Plaintiff now moves for entry of final judgment ("Motion"). (Dkt. no. 186.) Defendants WMS Gaming Inc., Boyd Gaming Corporation and LV Gaming Ventures, LLC (collectively referred to as "Defendants") have opposed (dkt. no. 187) and Plaintiff has replied (dkt. no. 188). For the reasons discussed below, the Motion is granted.

Plaintiff seeks entry of final judgment to permit Plaintiff to appeal the Court's Claim Construction Order. (Dkt. no. 186.) Plaintiff concedes that it cannot as a matter of law establish that the accused gaming products infringe claim 32 of the '477 Patent and stipulates to entry of non-infringement without waiving its appellate rights. (*Id.* at 3.) Defendants counter that the Court should enter judgment of non-infringement, but defer

entering final judgment to allow Defendants to complete discovery and move for summary judgment on their affirmative defenses of invalidity and unenforceability, and to allow Defendants to seek attorney's fees and costs. (Dkt. no. 187.)

The Court has discretion to determine whether to address affirmative defenses of invalidity and unenforceability after a finding of non-infringement. *See Multiform Desiccants, Inc. v. Medzam, Ltd.,* 133 F.3d 1473, 1481 (Fed. Cir. 1998) (declining to require the trial court to decide patent invalidity when the dispute has been disposed of on other grounds). Defendants argue that the Court should rule on their affirmative defenses because the issues of invalidity and unenforceability are clear and resolution at this stage would avoid the unnecessary costs of having these issues be decided in a subsequent appeal should the Federal Circuit reverse on the issue of non-infringement. However, Defendants' request to complete discovery before moving for summary judgment undermines their suggestion that resolution of these is clear. The Court agrees with Plaintiff that continued litigation on Defendants' affirmative defenses would unnecessarily increase costs for the parties. The Court will enter judgment as to non-infringement and decline to address the affirmative defenses of invalidity and unenforceability. *See Bally Tech., Inc. v. Bus. Intelligence Sys. Solutions, Inc.*, No. 2:10-CV-00440-PMP-GWF, 2012 WL 3656495 at *12 (D. Nev. Aug. 23, 2012) ("A finding of no infringement renders moot an affirmative defense of invalidity of a patent infringement claim.") (citing *PODS, Inc. v. Porta Stor, Inc.,* 484 F.3d 1359, 1368 (Fed. Cir. 2007) (declining to consider arguments relating to affirmative defense of invalidity because finding of non-infringement renders such affirmative defense moot).

It is therefore ordered that Plaintiff's motion for entry of final judgment (dkt. no. 186) is granted. The Clerk is directed to enter judgment of non-infringement in favor of Defendants and close this case.

DATED THIS 5th day of April 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE