UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REMBRANDT GAMING TECHNOLOGIES, LP,<br><br>　　　　　　Plaintiff,<br>　v.<br>BOYD GAMING CORPORATION, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-00775-MMD-GWF<br><br>ORDER |

The Court issued a claim construction order construing two disputed terms in claim 32 of the United States Patent No. 6,641,477 ("the Patent'"). (ECF No. 185.) Plaintiff Rembrandt Gaming Technologies, LP ("Rembrandt") acknowledged that the Court's construction is dispositive of the infringement issue and moved for an entry of a Judgment of Non-Infringement, which the Court granted. (ECF Nos. 200, 233.) Rembrandt appealed, and the Federal Circuit Court of Appeals subsequently granted Rembrandt's unopposed motion to dismiss. (ECF No. 241.) Defendants filed a motion for an award of attorneys' fees and costs before Rembrandt's appeal and filed a renewed motion after appeal was dismissed. (ECF Nos. 203, 206, 239.) The Court has reviewed Plaintiff's responses and Defendants' replies[1]. (ECF Nos. 211, 213, 216, 220, 242 and 244.)

---

[1] The briefs relating to Defendants' initial motion were also filed under seal. (ECF Nos. 206, 213, 220.)

1 Defendants claim entitlement to their reasonable attorneys' fees as the prevailing party under 35 U.S.C. § 285. Section 285 of the Patent Act allows for courts to award reasonable fees in "exceptional cases." 35 U.S.C. § 285. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.* 134 S. Ct. 1749 11749, 1756-58 (2014), rejected the Federal Circuit's construction of "exceptional cases" as overly rigid and too demanding. Instead, the court holds that "an 'exceptional case' is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. It further urges "[d]istrict courts [to] determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* In addition, the Court rejected the Federal Circuit's application of the heightened burden of proof of entitlement to fees by clear and convincing evidence. *Id.* at 175. The Court found that "Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden." *Id.* The Court then noted that a preponderance of the evidence standard has always applied to patent-litigation. *Id.*

Defendants argue that this case is "exceptional" because (1) Plaintiff gave a fact witness contingent interests in the outcome of this case in violation of Nevada's Rules of Professional Conduct, (2) Plaintiff knew its patent is invalid because of the existing of the prior art but pursued this litigation anyways, and (3) Plaintiff took unreasonable position in this case to avoid the prior art. (ECF No. 203 at 6.) Plaintiff counters that the challenged compensation scheme is contained in a Patent Acquisition Agreement ("the Agreement") and not an agreement to pay a witness directly to testify. (ECF No. 211 at 20-23.) Plaintiff also argues that the Patent is not invalid and it did not take unreasonable positions in this case. (*Id.* at 11-17, 23-24.)

Defendants rely on the compensation arrangement in the Agreement with Infinity Group, coupled with Plaintiff's initial disclosures identifying certain principals from Infinity Group as fact witnesses, to argue that Plaintiff has agreed to pay fact witnesses to testify

and the payment is contingent on the outcome of the case. However, the Agreement involves assignment of the Patent, not an agreement to pay fact witnesses to testify, and the witnesses identified included the inventor.

As the Federal Circuit has observed, "[a] patent license agreement that binds the inventor to participate in subsequent litigation is very common. [] This sort of agreement simply assures the licensee that it will be able to defend the property in which it has purchased an interest." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1465 (Fed. Cir. 1998). In that case, the license agreement provides for the inventor (who the district court found to be the co-inventor) to receive future payments over time that are contingent on U.S. Surgical's success in the patent infringement action and required the inventor to testify and to provide reasonable assistance in the case. The Federal Circuit found that a "witness's pecuniary interest in the outcome of a case goes to the probative weight of the testimony, not its admissibility." *Id.*

Similarly here, the Agreement provides for Infinity Group to be compensated based on the outcome of a patent infringement lawsuit and requires cooperation from Infinity Group. The Agreement's compensation arrangement is not so out of the ordinary to make this case exceptional.

As for Defendants' argument that Plaintiff knew the existence of the prior art renders the Patent invalid and therefore took unreasonable positions in this litigation, the Court agrees with Plaintiff that the Patent has not been found to be invalid. Plaintiff further points out that the Patent survived reexamination. Nor does the Court find that Plaintiff took unreasonable positions in the claim construction.

For these reasons, Defendants' motion and renewed motion for attorneys' fees (ECF No. 203, 206, 239) are denied.

DATED THIS 31st day of March 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE